IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BERNICE M. STARRETT,               )   Civil Action No.
                                   )
           Plaintiff,              )
                                   )   COMPLAINT
vs.                                )
                                   )   FAIR DEBT COLLECTION
FLINT C. ZIDE,                     )   PRACTICES ACT 15 U.S.C. § 1692
HARRIS & ZIDE, LLP,                )
                                   )
           Defendants.             )
                                   )

## STATEMENT OF THE CASE

Defendants have been using unethical practices for some time in order to attempt to collect a debt from Plaintiff, including but not limited to violations of 15 U.S.C. § 1692, abuse of process, and other torts.

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1692, the Fair Debt Collection Practices Act, and 28 U.S.C. § 1367(a), the supplementary jurisdiction statute.

## PARTIES

2. Plaintiff Bernice M. Starrett is a private citizen with an address of Post Office Box 1359, Chico, California 95927.

3. Defendant Flint C. Zide is a collection attorney with a business address of 1445 Huntington Drive, Suite 300, South Pasadena, California 91030.

4. Defendant Harris & Zide is a law firm with a business address of 1445 Huntington Drive, Suite 300, South Pasadena, California 91030.

## FACTS

5. In 2005 Defendant Harris & Zide ("Harris & Zide") filed a summons and

1

complaint against Plaintiff Bernice M. Starrett ("Starrett") to collect a debt for Citibank using falsified service (Starrett was actually 400 miles away at the time of the supposed "service"). Harris & Zide were able to get a default judgment since Starrett knew nothing of the lawsuit. Subsequently, Starrett was able to have the judge vacate that judgment.

6. In November 2007 Harris & Zide, on behalf of the same bank and issue, again filed a summons and complaint without even an attempt to file service of process. At a case management conference on April 1, 2008 the judge issued an order to show cause pursuant to Rule 3.110 and scheduled a second case management hearing for May 15, 2008.

7. At the May 15 Case Management hearing there was still neither an attempt nor notice of service. The judge continued to June 19, 2008 with an order for Starrett to appear in court.

8. As of this date Starrett has not been served nor has she made an appearance in the case.

9. The current case number is 1-07-CV-098543, Superior Court, County of Santa Clara.

10. The previous case number was 1-05-CV-042660.

11. Having failed to comply with the California Rule for Service of Process, Plaintiff is informed and believes thereon that Defendants must now file a new civil action, for which they have exceeded the statute of limitations.

## LEGAL CLAIMS

### First Cause of Action

### Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692

12. The purpose of the Fair Debt Collection Practices Act is "to eliminate abusive debt collection practices by debt collectors[.]" 15 U.S.C. § 1692(e). Section 1692e of the Act

2

states "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." And, "without limiting the general application of the foregoing," *id.*, § 1692e(5) prohibits a "threat to take any action that cannot legally be taken or that is not intended to be taken." Section 1692e(10) similarly prohibits, in relevant part, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt[.]"

13. Filing bogus service of process papers with the Court and attempting to litigate past the statute of limitations would appear to fit squarely within the behavior (or misbehavior) Congress intended to regulate under Title 15 U.S.C. § 1692.

> Its purpose is to protect consumers from unfair debt collection practices, and to regulate the conduct of debt collectors, including attorneys acting as debt collectors. *Schroyer v. Frankel*, 197 F.3d 1170 (6th Cir. 1999) (attorneys acting as debt collectors must comply with FDCPA). *Id.* at 1175, 15 U.S.C. § 1692(e) (purpose of subchapter to promote State action to protect consumers).

*Irwin v. Mascott*, 94 F.Supp.2d 1052 (N.D. Cal. 2000).

> The key is whether the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts. If there is a pattern, then the suit is timely if "the action is filed within one year of the most recent date on which the defendant is alleged to have violated the FDCPA" (*Padilla*, 161 F.Supp.2d at 273), and the entire course of conduct is at issue.

*Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003).

14. As is the case here.

> "The [Fair Debt Collection Practices] Act is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). "In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted 'to eliminate abusive debt collection practices.'" *Miller v. Payco-Gen. Am. Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991) (citing 15 U.S.C. § 1692(a), (e)). The term "debt," as it appears in both the FDCPA and the FCRA, "means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or

3

services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692(a)(5).

*Morgovsky v. Creditors' Collection Service of San Francisco Dba Premium Collection Service*, 19 F.3d 28 (9th Cir. 1994).

### Second Cause of Action

### Abuse of Process

15. The tort of abuse of process in California has been well established.

The tort of abuse of process involves the misuse of "process"—interpreted broadly to encompass the entire range of judicial procedure incident to litigation—for a purpose other than that for which it was designed and intended. (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 103-104 & fn. 4 (*Barquis*); *Spellens v. Spellens* (1957) 49 Cal.2d 210, 231-233 (*Spellens*).) The two elements of the tort consist of, first, an ulterior purpose or motive; and second, a wilful act in the improper use of the process for a purpose not appropriate to the regular conduct of the judicial proceeding. (*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.* (1986) 42 Cal.3d 1157, 1168-1169; *Barquis, supra,* 7 Cal.3d at pp. 103-104; *Templeton Feed & Grain v. Ralston Purina Co.* (1968) 69 Cal.2d 461, 466; *Spellens, supra,* 49 Cal.2d at pp. 232-233; 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, §§ 459-464, pp. 547-551.)

This evidence was both credible and sufficient to constitute a prima facie showing of facts to sustain a favorable judgment on respondents' abuse of process cause of action. (*Jarrow, supra,* 31 Cal.4th at p. 738; *Navellier, supra,* 29 Cal.4th at pp. 93-94.) It demonstrated both an ulterior motive to secure respondents' default and thereby secure a collateral advantage in the form of a higher monetary recovery than might otherwise be obtained from them; and a wilful act in the improper use of the judicial process, through the filing of the complaint in an inappropriate and inconvenient venue. In so doing, respondents satisfied the elements of a cause of action for abuse of process. (*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc., supra,* 42 Cal.3d at pp. 1168-1169; *Templeton Feed & Grain v. Ralston Purina Co., supra,* 69 Cal.2d at p. 466; Spellens, supra, 49 Cal.2d at pp. 232-233.)

[U] *Cervantes v. Law Offices of Hanlin,* No. A101102 (Cal. App. Dist.1 07/23/2004).

"Process," as used in the tort of "abuse of process," has never been limited to the strict sense of the term, but instead has been interpreted broadly to encompass the entire range of "procedures" incident to litigation. For example, in *Thornton v. Rhoden* (1966) 245 Cal.App.2d 80, 94-95 [53 Cal. Rptr. 706, 23 A.L.R.3d 1152], the court recognized that while "the giving of a notice that a deposition

4

will be taken is not 'process' in the strictest sense of the word . . . in a proper case [the] abuse of the powers which a litigant derives from the taking of a deposition on proper notice gives such notice the status of 'process' for the purpose of the tort [of abuse of process]." Similarly, in *Tellefsen v. Key System Transit Lines* (1961) 198 Cal.App.2d 611, 613 [17 Cal. Rptr. 919], the court, while finding no abuse in the case before it, recognized that under certain circumstances, the taking of an appeal could give rise to an abuse of process. (*See also Tranchina v. Arcinas* (1947) 78 Cal.App.2d 522 [178 P.2d 65] (eviction under false pretense constituted abuse of process)). Other jurisdictions have recognized the propriety of an abuse of process action when a plaintiff has intentionally misfiled an action for an improper purpose. (*See Bond v. Chapin* (1844) 49 Mass. (8 Met.) 31.) This broad reach of the "abuse of process" tort can be explained historically, since the tort evolved as a "catch-all" category to cover improper uses of the judicial machinery that did not fit within the earlier established, but narrowly circumscribed, action of malicious prosecution. (*See Italian Star Line v. United States Shipping Board E. F. Corp.* (2d Cir. 1931) 53 F.2d 359, 361 [80 A.L.R. 576].)

*Barquis v. Merchants Collection Association of Oakland Inc., supra,* fn. 4.

## RELIEF REQUESTED

1. Trial by jury on all issues triable by jury.

2. Statutory damages in an amount authorized by law.

3. Compensatory damages in an amount to be determined by a jury.

4. Punitive damages in an amount to be determined by a jury.

5. Plaintiff's cost of this suit.

6. Leave to amend once discovery is completed.

7. A declaratory judgment that the defendants have violated the Fair Debt Collection Practices Act.

8. Such other relief as this Court deems just, proper, and equitable.

. . .

. . .

. . .

. . .

Respectfully submitted,

Dated: June 16, 2008

*Bernice M. Starrett*
Bernice M. Starrett
PO Box 1359
Chico, CA 95927

### VERIFICATION OF COMPLAINT

I verify under penalty of perjury, that I am the plaintiff in the above entitled action; I have read the above complaint and have knowledge of the facts stated therein, and the matters and things stated there are true and correct, except as to those matters stated to be on information and belief, and as to those matters I verify as aforesaid that I verily believe them to be true.

*Bernice M. Starrett*
Bernice M. Starrett